UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FRANKLIN MCNEES,

        Petitioner,

                                       Case No. 1:15-cv-439

v.

                                       Hon. Gordon J. Quist

MARY BERGHUIS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

David Franklin McNees (sometimes referred to as "petitioner"), a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is now before the Court on respondent's motion for summary judgment because the petition is untimely (docket no. 23).

### I.      Background

On  December 16, 2010, a jury found petitioner guilty of three counts of first-degree criminal sexual conduct involving his stepdaughter contrary to M.C.L. § 750.520b(1)(b) (victim at least 13 but less than 16 years old and defendant was related to the victim).[1]  *People v. McNees*, No. 302348 (Mich. App. March 15, 2012) (docket no. 24-7); Trial Transcript III (docket no. 24-5).  On January 19, 2011, the Court sentenced petitioner three concurrent sentences of 356 months to 55 years.  *See* Judgment of Sentence (docket no. 24-7 at PageID.2019).  Petitioner appealed his conviction, which the Michigan Court of Appeals affirmed on March 15, 2012.  *McNees*, No.

---

[1] The Court notes that the victim was 15 years old at the time of the trial.  *See McNees*, No. 302348, PageID.2011.

302348.[2]  Petitioner had 56 days - until May 10, 2012 - to file an application for leave to appeal in the Michigan Supreme Court.  *See* MCR 7.302(C)(2).  However, he did not file his application until February 23, 2013, more than nine months after the time for filing an appeal expired.  The Michigan Supreme Court rejected petitioner's late application.  *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court (docket no. 24-8).

On September 4, 2013 –  more than six months after the Michigan Supreme Court rejected petitioner's untimely application for leave to appal – petitioner filed a motion for relief from judgment with the Kalamazoo County Circuit Court pursuant to MCR 6.500 *et seq*.  *See* Motion for relief from judgment (docket no. 24-11).  The Court denied petitioner's motion on September 13, 2013, and his motion for reconsideration on October 28, 2013.  *See* Opinion and Order (docket no. 24-12); Opinion and Order (docket no. 24-14).  Petitioner filed a delayed application for leave to appeal the orders to the Michigan Court of Appeals on February 26, 2014, which that court denied on April 29, 2014.  *See* Application and Order (docket no. 24-15).[3]  Petitioner sought leave to appeal to the Michigan Supreme Court on June 26, 2014, which that court denied on December 30, 2014. *See* Application (docket no. 24-26); *People v. McNees*, 497 Mich 947 (2014) (unpublished table decision).  The Michigan Supreme Court also denied petitioner's motion for reconsideration on March 31, 2015.  *See People v. McNees*, 497 Mich. 985 (2015) (unpublished table decision).

---

[2] The Court notes that respondent's supporting brief contains a typographical error, identifying the date of the appellate court's decision as March 12, 2015 rather than March 15, 2012.  *See* Respondent's Brief (docket no. 23, PageID.1374).

[3] The Court notes that while petitioner's application is dated February 21, 2014, the Michigan Court of Appeals docket sheet lists it as filed on February 26, 2014.

2

McNees filed his petition seeking habeas relief under 28 U.S.C. § 2254 on April 24, 2015.  See Petition (docket no. 1).  For purposes of determining the timeliness of the petition, the Court considers the petition filed as of April 21, 2015, the date McNees placed it in the prison mail system and signed it under penalty of perjury.  *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

## II.     Discussion

### A.     Motion for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment.  The mere existence of a scintilla of evidence to support

plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.    Statute of limitations

Respondent contends that petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

4

The AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision of § 2244(d)(2) to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

### C.      McNees' petition was untimely

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The record reflects that while petitioner appealed his conviction to the Michigan Court of Appeals, he did not file a timely application for leave to appeal to the Michigan Supreme Court.  As discussed, petitioner filed his application more than nine months late, with the Michigan Supreme Court rejecting it as untimely.  Where a habeas petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted in determining the date on which the judgment became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  However, such a petitioner is not entitled to count the additional 90-day period in which he could have filed a petition for certiorari to the United States Supreme Court.  *See Gonzalez v. Thaler*, -- U.S. --, 132 S. Ct. 641, 655 (2012) (because the Supreme Court can only review judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the state court judgment becomes final when the petitioner's time for seeking that review expires).  Here, petitioner had 56 days in which to apply for leave to appeal to the Michigan

Supreme Court. *See* MCR 7.302(C)(2). Thus, the one-year statute of limitations commenced when the 56-day period expired on May 10, 2012. Based on this date, petitioner had one year, or until May 10, 2013, to file his habeas petition in this Court. However, McNees did not file his habeas petition until April 21, 2015, nearly two years after the statute of limitations expired. Accordingly, the petition is time barred absent tolling of the statute of limitations.

### D. The limitations period was not tolled under 28 U.S.C. § 2244(d)(2)

Here, petitioner sought post-conviction relief under state law. The time during which a habeas petitioner seeks such relief is tolled under 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, in this case, petitioner did not file his motion for relief from judgment until September 4, 2013, more than three months after the statute of limitations expired. Although § 2244(d)(2) tolls the limitations period when a duly filed motion for state collateral review is pending, the tolling provision does not revive the one-year limitation; rather it can only serve to pause a statute of limitations that has not fully run. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). *See also*, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) ("a state petition for postconviction review claiming ineffective assistance of appellate counsel tolls, but does not restart, AEDPA's one-year statute of limitations"). Because petitioner's one-year limitations period expired on May 10, 2013, his collateral motion filed on September 4, 2013 had no effect on the statute of limitations.

### E.    McNees has not demonstrated equitable tolling

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 649 (internal quotation marks omitted).  Here, McNees contends that he is entitled to equitable tolling because the state placed impediments in his way by preventing him from filing an application for leave to appeal to the Michigan Supreme Court. Petitioner's claim is without merit. The record reflects that the state did not prevent McNees from filing a timely habeas petition.  Rather, McNees' failure to meet the filing deadline was a direct result of his own actions and misunderstanding of Michigan law.

While his criminal appeal was pending in the Michigan Court of Appeals, petitioner filed a *pro se* civil complaint directly in the Michigan Supreme Court, asking that Court to issue a writ of superintending control over his pending criminal appeal. *See* Complaint for writ of superintending control (dated Dec. 8, 2011) (docket no. 1-6, PageID.231-233).  On January 12, 2012, the Michigan Supreme Court denied petitioner's request to waive the filing fee for his complaint because "MCL 600.2963 requires that a prisoner pursuing a civil action be liable for filing fees." *McNees v. District Clerk, Court of Appeals*, No. 144406 (Order) (Mich. Jan. 12, 2012) (docket no. 30-2, PageID.3049). The order further stated that "[p]ursuant to MCL 600.2963(8) plaintiff shall not file further appeals in this Court until the entry fee in his case is paid in full."  *Id.   See* M.C.L. § 600.2963(8) (providing that "[a] prisoner who has failed to pay outstanding fees and costs as

required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.").

On March 15, 2012 – about two months after petitioner filed the complaint for superintending control – the Michigan Court of Appeals affirmed his convictions. *See People v. McNees*, No. 302348. At that time, petitioner had 56 days to file an application for leave to appeal to the Michigan Supreme Court. *See* MCR 7.302(C)(2).[4] However, he did not file an application for leave to appeal at that time. Rather, petitioner filed untimely motions for reconsideration with the Michigan Court of Appeals, which that court rejected in letters dated April 13, 2012 and April 27, 2012. *See* Letters from Chief Clerk Royster (April 13, 2012) (docket no. 1-5, PageID.216) and (April 27, 2012) (docket no. 1-5, PageID.228).

Some weeks later, on May 21, 2012, the Michigan Supreme Court denied petitioner's complaint for superintending control. *See McNees v. District Clerk, Court of Appeals*, No. 144406 (Order) (Mich. May 21, 2012) (docket no. 1-6, PageID.246). Petitioner took no further action until about six months later, when, in a letter dated December 7, 2012, he asked the Michigan Supreme Court "when are my 56 days to file my application for leave to appeal in my criminal case to begin and and [sic], now that I can file my appeal in this court?" *See* Letter from petitioner (Dec. 7, 2012) (docket no. 30-2, PageID.3054). Petitioner was apparently referring to the fact that he had been making payments to the Michigan Supreme Court on the filing fee for his civil complaint for superintending control. *See* Petitioner's "Affidavit" (docket no. 31, PageID.3078-3079). In a letter dated December 12, 2012, the Michigan Supreme Court Clerk's Office advised petitioner that his action for superintending control was closed back on May 21, 2012, and that "[i]n answer to your

---

[4] The Court notes that the deadline now appears in MCR 7.305(C)(2).

question about filing an application for leave to appeal, the time limitation for filing here begins

when the Court of Appeals issues the opinion or order from which one seeks leave to appeal to this

Court." *See* Letter from Deputy Clerk Meyer (Dec. 12, 2012) (docket no. 30-2, PageID.3056).

More than two months later, petitioner prepared an application for leave to appeal his

criminal case with the Michigan Supreme Court. *See* Application for leave to appeal (dated Feb. 19,

2013) (docket no. 1-6, PageID.250).  In a letter dated February 22, 2013, the Michigan Supreme

Court advised petitioner that it would not file his untimely application:

> On 2/21/13, this office received pleadings from you intended for filing with
> this Court.  We are not able to file them because your pleadings were received
> beyond the rule-prescribed time limitation.  See MCR 7.302(C)(2); 56 days from the
> Court of Appeals decision in criminal cases.

> Because the Court Rules provide for **no exception** to the time limitation, the
> originals of your papers are herewith returned and the Court not accept any further
> pleadings with respect to this matter.

*See* Letter from Deputy Clerk Meyer (Feb. 22, 2013) (docket no. 30-2, PageID.3077) (emphasis in

original) (footnote omitted).  The letter further advised petitioner that "MCR 7.302(C)(3) creates a

prison mailbox rule that deems an application for leave to appeal in a criminal mater presented for

filing on the date of deposit in the correctional institution's outgoing mail.  But the time limitation

remains 56 days from the Court of Appeals opinion or order." *Id.* at footnote 1.

Petitioner contested this explanation.  In a letter dated March 1, 2013 and directed to

the State Court Administrator, petitioner requested an investigation into the Michigan Supreme

Court's failure to toll his appeal period.  The gist of petitioner's claim was that, based upon the

Michigan Supreme Court's January 12, 2012 order regarding the filing fee owed in the civil

complaint for superintending control, the 56-day appeal period for his criminal appeal was tolled

until he paid that outstanding filing fee. *See* Letter (March 1, 2013) (docket no. 30-2, PageID.3060).

The Michigan Supreme Court Clerk responded to petitioner's inquiry in a letter dated March 7, 2013,

which advised him that the filing restriction applied only to civil cases, not criminal appeals:

> Your letter of March 1, 2013 to the Court Administrator has been referred to
> this office for response.  The key expression in the order you quote is "Pursuant to
> MCL 600.2963(8)."  The statute which provides authority for the collection of filing
> fees from inmates applies only to civil cases and neither expressly nor by implication
> operates to stay the time limits for appeals in criminal cases.  Your application for
> leave to appeal in your criminal case would have been docketed for presentation to
> the Court if it had arrived in the office timely, i.e., within 56 days after the decision
> by the Court of Appeals.  I conclude that our refusal to docket your application was
> appropriate under the statutes and Court Rules.

*See* Letter from Clerk Davis (March 7, 2013) (docket no. 30-2, PageID.3062).

On May 29, 2013, petitioner sent a letter the Michigan Supreme Court regarding "a

motion to set aside default in this matter pertaining to my Application for Leave to Appeal" which

he purportedly submitted on March 8, 2013.  *See* Letter (May 29, 2013) (docket no. 1-9,

PageID.398).  The letter referenced both the civil complaint filed in Michigan Supreme Court case

no. 144406 and the criminal appeal filed in Michigan Court of Appeals case no. 302348.  *Id.*  On

June 3, 2013, the Michigan Supreme Court Clerk's Office advised petitioner:  that Michigan

Supreme Court case no. 144406 was closed and that the office could not accept any further pleadings

in the case; that the office rejected pleadings received on February 21, 2013 in Michigan Court of

Appeals case no. 302438 "because they were beyond the time limitations for filing an application

for leave to appeal from the Court of Appeals 3/15/12 opinion," and that petitioner "did not have a

matter pending here in March 2013 in which we could have docketed a motion from you."  *See*

Letter from Deputy Clerk Meyer (June 3, 2013) (docket no. 30-2, PageID.3071).  Petitioner

apparently abandoned his dispute with the Michigan Supreme Court at this time, and turned his

attention to filing a motion for relief from judgment in the trial court, which he filed some months later on September 4, 2013. *See* Discussion in § I., *supra*.

Based on this record, petitioner has not demonstrated that he is entitled to equitable tolling. First, petitioner did not diligently pursue his federal habeas rights. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). In this case, however, the record reflects that petitioner directed his attention not on exhausting his remedies available in the state courts, but on having the Michigan Supreme Court exercise superintending control over the Michigan Court of Appeals. In seeking to obtain this extraordinary relief,[5] petitioner apparently misunderstood the nature of those proceedings, i.e., he erroneously believed that the Michigan Supreme Court's January 12, 2012 order prevented him from filing an application for leave to appeal the Michigan Court of Appeals decision until he had fully paid the filing fee for the complaint of superintending control. This being said, petitioner was explicitly advised in February 2013 that he could not seek relief from the Michigan Supreme Court. At this juncture, he still had almost three months to file a timely federal habeas petition. However, petitioner took no steps to preserve his federal habeas rights. Rather, petitioner chose to challenge the Michigan Supreme Court's rejection of his untimely application for leave to appeal to until approximately June 2013, and then returned to the state trial court in September 2013 to contest his convictions on five new grounds in a motion for relief from judgment. *See* Motion (docket no. 24-11, PageID.2205). Under these circumstances, petitioner has not met the first element of equitable tolling because he failed to demonstrate diligence in pursuing federal habeas relief. *See*

---

[5] *See People v. Burton*, 429 Mich. 133, 139, 413 N.W.2d 413 (1987) ("[i]n exercising the power of superintending control over a lower court, a reviewing court is invoking an extraordinary power").

*Holland*, 560 U.S. at 649.  Petitioner's ongoing dispute with the Michigan Supreme Court is not synonymous with diligently pursuing federal habeas review of his convictions.  *See generally, Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (petitioner demonstrated a lack of diligence when he decided to contest state post-conviction remedies solely in the state's supreme court "rather than filing his federal habeas petition and protecting his federal constitutional rights").

Second, petitioner has not demonstrated the second element of equitable tolling because he has not shown that an extraordinary circumstance stood in his way and prevented timely filing.  *See Holland*, 560 U.S. at 649.  The fact that petitioner misunderstood the January 12, 2012 order issued by the Michigan Supreme Court with respect to the filing fees related to his *pro se* complaint for superintending control did not create an "extraordinary circumstance" which stood in his way of filing a timely habeas petition.  "[*P*]*ro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance" to excuse a late filing by a prisoner seeking habeas relief under 28 U.S.C. § 2254. *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 464 (6th Cir. 2012). Accordingly, the habeas petition is time-barred.[6]

### III.    Recommendation

I respectfully recommend that respondent's motion for summary judgment (docket no. 23) be **GRANTED** and that the habeas corpus petition be **DISMISSED** because it is barred by the one-year statute of limitations.

---

[6] In reaching this determination, the Court notes that petitioner's response is limited to the issue of equitable tolling and does not demonstrate relief under the miscarriage of justice exception. *See McQuiggin v. Perkins*, --U.S. --, 133 S.Ct. 1924, 1931-32 (2013) (holding that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception).

I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  July 22, 2016                          /s/ Ray Kent_____
                                               RAY KENT
                                               United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).