UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FRANKLIN MCNEES,

    Petitioner,

Case No. 1:15-CV-439

v.

HON. GORDON J. QUIST

MARY BERGHUIS,

    Respondent.
_____/

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

Petitioner, David McNees, has filed an Objection to Magistrate Judge Ray Kent's June 22, 2016 Report and Recommendation (R & R) recommending that the Court grant Respondent's motion for summary judgment based on the statute of limitations, dismiss the petition as untimely, and deny Petitioner a certificate of appealability. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Petitioner's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Petitioner's habeas petition dismissed as untimely.

The magistrate judge first concluded that 28 U.S.C. § 2244(d)(1)(A) provides the operative date from which the one-year limitations period commenced, and that under this provision, the one-year period expired on May 10, 2013. (ECF No. 33 at PageID.3373.) The magistrate judge noted that Petitioner filed his habeas petition on April 21, 2015—almost two years after the statute of limitations expired. (*Id.*) The magistrate judge next concluded that Petitioner's motion for relief

from judgment, filed in the Kalamazoo County Circuit Court on September 4, 2013, did not toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) because the motion was filed more than three months after the limitations period expired. (*Id.* at PageID.3373.) Finally, surveying the procedural history of Petitioner's efforts to exhaust his claims in state court, the magistrate judge concluded that Petitioner is not entitled to equitable tolling. In particular, the magistrate judge concluded that Petitioner failed to show that he diligently pursued his federal habeas rights, because rather than pursuing his criminal appeal pending in the Michigan Court of Appeals, Petitioner pursued his civil action for superintending control in the Michigan Supreme Court. The magistrate judge also noted that as of February 22, 2013, when the Deputy Clerk of the Michigan Supreme Court advised Petitioner that he could not seek relief from the Michigan Supreme Court, Petitioner still had three months to file a timely federal habeas petition, but he opted instead to challenge the Michigan Supreme Court's rejection of his untimely application for leave to appeal. (*Id.* at PageID.3378.) The magistrate judge also concluded that Petitioner failed to show that an extraordinary circumstance prevented him from timely filing his habeas petition because the fact that Petitioner misunderstood the Michigan Supreme Court's January 12, 2012 order did not create an extraordinary circumstance that would excuse Petitioner's late filing. (*Id.* at PageID.3379.)

Petitioner offers no valid basis to reject the magistrate judge's recommendations in the R & R. Petitioner first argues that the magistrate judge failed to address Petitioner's request to make certain documents part of the record. However, this argument ignores the fact that the R & R cites many of the same documents Petitioner requested to be made part of the record, including the Michigan Supreme Court's January 12, 2012 Order denying Petitioner's request to waive the filing fee for his writ of superintending control and the Michigan Supreme Court's May 21, 2012 Order denying Petitioner's request for a writ of superintending control. (*Id.* at PageID.3374–75.)

Petitioner next argues that the tolling provision of 28 U.S.C. § 2244(d)(1)(A) should apply to the complaint he filed with the Michigan Supreme Court for superintending control. This argument lacks merit because such action did not attack Petitioner's conviction and sentence and, thus, was not an application for state post-conviction or other collateral review under § 2244(d)(2). *See Tolbert v. Warden, Warren Corr. Inst.*, No. 1:15-cv-293, 2015 WL 9460472, at *4–5 (S.D. Ohio Dec. 28, 2015) (Report and Recommendation), *adopted* 2016 WL 205472 (S.D. Ohio Jan. 15, 2016) (stating that "petitioner's complaint seeking the issuance of a writ of mandamus against his appellate counsel did not amount to an application for collateral review of his underlying conviction and sentence," for purposes of tolling under § 2244(d)(2)); *Webb v. Cason*, No. 02-CV-72788-DT, 2003 WL 21355910, at *4 (E.D. Mich. May 30, 2003), *aff'd* 115 F. App'x 313 (6th Cir. 2004) (stating that "Petitioner's complaint for superintending control would not qualify as an application for state post-conviction or collateral review, for the purpose of § 2244(d)(2), because the complaint did not actually attack Petitioner's conviction").

Finally, to the extent Petitioner continues to rely on Michigan Supreme Court's January 12, 2012 Order as a basis for equitable tolling, the magistrate judge correctly explained why that order does not support the application of equitable tolling. In short, the Court finds no meritorious basis to reject the R & R.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons set forth in the Report and Recommendation, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the July 22, 2016 Report and Recommendation (ECF No. 33) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment based on the statute of limitations (ECF No. 23) is **GRANTED** because Petitioner's habeas corpus petition is untimely.  Petitioner's habeas petition is therefore **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **concluded**.

A separate judgment will enter.


Dated:  September 29, 2016              /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE