UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID FRANKLIN MCNEES, JR.,

        Petitioner,                  Case No. 1:15-cv-439

v.                                              Honorable Robert J. Jonker

MARY BERGHUIS,

        Respondent.
_____/

### ORDER TO REOPEN CASE AND TRANSFER TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner David Franklin McNees, Jr., is incarcerated with the Michigan Department of Corrections at the Saginaw Correctional Facility, in Freeland, Michigan. On April 24, 2015, Petitioner filed a habeas corpus petition in this Court challenging the convictions that resulted in the sentences he is presently serving. The petition was dismissed on September 29, 2016, because it was barred by the statute of limitations. This case has been closed for almost 8 years.

After the Court entered judgment, Petitioner sought relief in the Sixth Circuit Court of Appeals. That court denied Petitioner's request for a certificate of appealability by order entered May 17, 2017. (ECF No. 46.)

Several years passed and Petitioner filed a second habeas petition in this Court. *McNees v. Horton* (*McNees II*), No. 1:19-cv-1028 (W.D. Mich.). This Court transferred the new petition to the Sixth Circuit Court of Appeals as second or successive. *McNees II*, (ECF No. 5). The Sixth Circuit denied Petitioner leave to file a second or successive petition. *In re David Franklin McNees, Jr.*, No. 20-1045 (6th Cir. July 7, 2020).

Petitioner then filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 47.) This Court concluded that Petitioner's motion and supporting materials revealed that the matters he raised were the very same matters the Sixth Circuit had denied him leave to raise here. *Compare* (ECF Nos. 47, 48), *with McNees II*, (ECF No. 7). Petitioner had simply repackaged his *McNees II* claims, claims that the Sixth Circuit specifically told him that he could not raise in this Court. Petitioner insisted that he had raised the issues in this Court such that they fell within the Rule 60(b) jurisdiction of the Court and that Sixth Circuit approval was not required. (Pet'r's Br., ECF No. 48, PageID.3622.) The Court concluded that Petitioner's claim was disingenuous. The Court transferred the Rule 60(b) motion to the Sixth Circuit as second or successive. The Sixth Circuit determined that the motion was second or successive and denied Petitioner authorization to file it in this Court. (ECF No. 54.)

Three months passed after the Sixth Circuit's rejection of Petitioner's claims, and then he filed a second Rule 60(b) motion. (ECF No. 56.) The new motion is another repackaging of the same claims that the Sixth Circuit has twice decided may not be considered by this Court. For administrative purposes, the Court directs the Clerk to reopen this case to permit the Court to address Petitioner's current motion.

The Federal Rules of Civil Procedure apply to actions under § 2254 "to the extent that they are not inconsistent with any statutory provisions . . . ." Rule 12, Rules Governing § 2254 Cases. Those statutory provisions include 28 U.S.C. § 2244(b), which limit a petitioner's filing of second or successive petitions. To the extent a Rule 60(b) motion involves the filing of a "claim" as that term is used in the statute, and the movant has not obtained the approval of the court of appeals to raise it, this Court's consideration of the motion might be inconsistent with the statute, such that Rule 60(b) would not apply. Thus, when a Rule 60(b) motion is filed in a habeas case, the Court

2

must determine whether consideration of the motion might have the effect of circumventing the "second or successive" petition filing limitations of 28 U.S.C. § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016).

Under *Gonzalez*, a Rule 60(b) motion is a second or successive habeas petition if it presents a claim—that is, "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. The Supreme Court identified several circumstances where a Rule 60(b) motion presents a claim: (1) where the motion seeks to present a new claim of constitutional error not previously presented; (2) where the motion seeks to present new evidence in support of a claim previously denied; or (3) where the motion contends that a subsequent change in substantive law warrants relief from the previous denial of a claim. *Id*. at 530–32. Similarly, a Rule 60(b) motion "can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits . . . ." *Id*. at 532 (emphasis in original).

Petitioner's motion asks the Court to consider the same arguments that he has at least twice presented to this Court and the Sixth Circuit. Because Plaintiff purports to present "new evidence," under *Gonzalez,* he presents a claim. Therefore, the Court concludes that Petitioner's Rule 60(b) motion must be addressed as a second or successive petition. Where a second or successive petition for habeas corpus relief is filed in this Court without authorization by the court of appeals, the matter should be transferred to the Sixth Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court will transfer the Rule 60(b) motion accordingly.

Petitioner's attempt to again repackage his old arguments and present them as something new in the hope of distinguishing this motion from the Sixth Circuit's prior decisions is unavailing.

Under *Gonzalez*, Petitioner's motion presents at least one claim that this Court may not consider absent an order from the Sixth Circuit Court of Appeals under 28 U.S.C. § 2244(b).

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall reopen this proceeding.[1]

**IT IS FURTHER ORDERED** that Petitioner's motion for relief from judgment (ECF No. 56), construed as a second or successive habeas petition under *Gonzalez*, is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:  July 2, 2024                                  /s/ Ray Kent
                                                     Ray Kent
                                                     United States Magistrate Judge

---

[1] The Court notes that it has directed the Clerk to reopen this case for administrative purposes; this administrative reopening of the case has no effect on the prior dismissal of this case.